**NATIONAL LABOR RELATIONS BOARD, Petitioner, Cross-Respondent,**

v.

**DOBBS HOUSES, INC., DIVISION OF BEECH–NUT LIFE SAVERS, Inc., Respondent, Cross-Petitioner.**

No. 29905
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1970.

Rehearing Denied and Rehearing En Banc Denied Feb. 10, 1971.

Harold A. Boire, Director, N. L. R. B., Region 12, Tampa, Fla., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Michael Barkow, Attys., N.L.R.B., for petitioner.

Newell N. Fowler, Bowling, Brackhahn,. Miller & Jackson, Richard A. Brackhahn, W. Kerby Bowling, Memphis, Tenn., for respondent.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

The National Labor Relations Board seeks enforcement of an order that Dobbs Houses bargain collectively with a certified bargaining representative, the Independent Workers Union of Florida, and post a notice at its plant to the effect that it will so bargain. The company cross-petitions to review and set aside the order.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409 Part I.

The issue here is whether the Board correctly certified the union as the bargaining agent. The only substantial question that the company raises is whether the representation election was tainted by the Board Agent's misconduct in making statements favoring the union to Rowell, the employer's observer, and the union observer during the balloting.

The only evidence the company furnished was a tape recording of Rowell's description of the occurrence to the company's attorney. Rowell, however, repudiated much of this statement in an affidavit during the investigation. The charges contained in Rowell's final statement were that the Agent, in response to Rowell's questioning near the end of the balloting, said to Rowell and the union observer: (1) that the union represented about 20 places and was trying to get more; (2) that he felt the union would win at Dobbs Houses and (3) that it would do the people a lot of good.

The Regional Director found that the election was not tainted by this behavior because it caused no prejudice in the voting. The company contends that he applied the wrong standard of review. After his determination in this case, the NLRB announced in Athbro Precision Engineering Corp., 166 NLRB No. 116, 65 LRRM 1699, that the question to be asked about improper election activities of the Board Agent is not simply whether they prejudiced the outcome of the election.

The Board in conducting representation elections must maintain and protect the integrity and neutrality of its procedures. The commission of an act by a Board Agent conducting an election which tends to destroy confidence or which could reasonably be interpreted as impugning the election standards we seek to maintain, is a

1. This Court's decision in Delta Drilling Co. v. N.L.R.B., 5 Cir. 1969, 406 F.2d 109, determined that a Board Agent's activities did not live up to the *Athbro* standard of propriety. It rejected the Board's argument that the amount of publicity of the impropriety to the voting members of the unit was a relevant

sufficient basis for setting aside that election.

*See also* Austill Waxed Paper Co., 169 NLRB 169, 67 LRRM (1969).

The Board reviewed the determination of the Regional Director in this case after its decision in *Athbro*. On considering the entire record, the Board found that the Company's claim raised "no material or substantial issues of fact or law which warrant reversal. * * *"

The Board did not refer to *Athbro* nor did it articulate the rationale for its holding on the question of the agent's misconduct. We are confident, however, that the Board did consider the issue. The employer's objections to the Regional Director's determinations, made in his brief to the board, raised the issue of the integrity of the election process, although not explicitly referring to *Athbro*. Again in its brief seeking a rehearing, the employer raised the same issue, explicitly claiming a departure from established board policy, although without citing *Athbro*.

We find that the board's decision was not inconsistent with its *Athbro* line of decisions. In *Athbro* itself the Board Agent was observed between two voting periods drinking beer with a union representative in a cafe not far from the plant. In *Austill* the Board Agent left the unsealed ballot box unattended for several minutes during the election. The latter case might be distinguished as involving the sanctity of the ballot box. The former was a public act inconsistent with the Board Agent's required impartiality. He was fraternizing with one of the sides to the controversy.

The Board could reasonably distinguish this case. There was no procedural irregularity, nothing impinging on the sanctity of the ballot box. And the Agent's improper actions were not as public[1] as those in *Athbro*. Addition-

criterion for limiting the rule. In that case, though, the Board itself had not acted on the merits of the case, relying on an agreement between the parties that the Regional Director's decision would be final. Where the Board does act, it should be accorded reasonable latitude in limiting its own rules.

ally, it would be reasonable to distinguish between acts of fraternization and expressions of personal feelings to limited audiences. The former smacks much more of irregularity than the latter. Finally, the Board Agent's improper statements were not part of a proselytizing effort on his part or even a simple unprovoked indiscretion. It was the questions of the Employer's own observer that elicited the Agent's statements. An employer cannot through *his* agent lead the Board Agent to make improper statements and then rely on such statements to void the election without a showing of prejudice.

None of the company's other claims raise substantial issues. The Board's order is therefore enforced.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.